Friday, June 3. The Judges delivered their opinions.
Judge Tucker.
The only question made in this cause, was, whether any person who has sustained any special injury, from the neglect, or misconduct of an inspector of tobacco, is entitled to bring an action upon the bond given by the inspector for the faithful performance of the duties of his office, against such inspector and his securities, although there is no provision in the act of Assembly to that effect. A variety of penalties are imposed upon the inspectors themselves, in different parts of the law, for particular acts of neglect, or breach of duty; all which are recoverable, by action of debt or information, in any Court of record, where the penalty exceeds five dollars or two hundred pounds of tobacco ; but there is no provision that the bond may be put in suit, for the recovery of them. But, if the bond cannot be put in suit for the benefit of a party, grieved, we may well ask, why was it given, by each inspector separately, and why is security required? By allowing an information against an inspector for breach of his duty, whereby any private individual may sustain a particular injury, the Commonwealth .appears to me to have pledged itself to lend its aid, and name, if the party suspecting the sufficiency of the inspector himself, to make him an adequate recompense for the injury sustained, shall chuse to bring suit against him, and his securities, jointly, upon his official bond. Otherwise there is but little use in the bond, and manifest, and extensive injury may be sustained by the whole community. For these reasons I think thejudg *573 ment of the District Court erroneous, and that that of the County Court ought to be affirmed.
Judge Roane.
In forming my opinion in the case of The Commonwealth v. Colquhouns and others, I thought it necessary to consider the main point in this cause. In that case I gave it as my opinion, that an action would lie on an inspector’s bond at the suit of a party injured, in such a case as has occurred in the present. I therefore think it sufficient to refer to that opinion.
Judge Fleming.
I never had much doubt of this action’s being sustainable on the inspector’s bond; but, as it is a matter of importance, that has never been solemnly decided in this Court, and the District Court of Fredericksburgh had adjudged otherwise, 1 wished to hear an argument on that subject, that the decision might be more satisfactory to the public.
The principal arguments of the appellees’ counsel were 1st. That by the 21st section of the act for inspection of tobacco, the inspectors who shall fail or refuse to deliver any hogshead of tobacco, when the same shall be demanded for exportation, shall forfeit and pay to the owner thereof, double the value of the tobacco, which they shall so fail or refuse to deliver: and, therefore, Goolrick’s only remedy was by a suit against the inspectors for the penalty, under that clause of the act of Assembly. 2dly. That the only object of the inspectors’ bonds was to secure the payment, into the treasury, of all the money arising to the public under the inspection law; and 3dly. That there is no direction in the act, in what manner suits shall be brought on those bonds as in the cases of sheriffs’ and executors’ bonds.
With respect to the first argument, it may be sufficient to observe that the party grieved by the non-delivery of the tobacco when demanded, has an option, either to take his remedy by suing for the penalty, under the 21st section of the act, or to institute a suit on the bond, in the name of the Governor, to whom it is payable. In the former case *574 his remedy is against the inspector only: but in the latter case the inspector’s securities are liable. As to the argument that the bonds are merely to secure the payment of the public money into the treasury, it may be observed, that an inspector’s bond is for the true and faithful performance, of his duty, according to the directions of the act; which duty consists of a variety of trusts, and services to be performed, for breach of, or failure to perform either of which, the bond becomes forfeited. And it appears to me, that from the large penalty of the bond, that each individual inspector is required to give, for the due and faithful performance of his duty, it was intended by the Legislature to cover every delinquency, and malfeazance of an inspector, in the exercise of his office: And, although there be no specific direction in the act, as to the mode of bringing and prosecuting actions on those bonds, as in the cases of sheriffs’, executors’, and administration bonds, yet, it seems to me, that actions may well be maintained on those bonds, in the name of the Governor, on behalf and for the benefit, of any person or persons aggrieved by the misconduct of the inspectors ; and I am, therefore, of opinion that the judgment of the District Court be reversed, and that of the County Court affirmed.
The judgment of the District Court was reversed and that of the County Court affirmed, as to the merits. But there being an error in the entry of the judgment of the County Court, in not attaching the recovery as to future injuries, as well to any other person or persons, as to the relator in this action, that judgment was reversed in terms, and a new judgment entered for the damages stated in the case agreed, &c. in favour of Goolrick, “ and for such other “ damages as may be hereafter assessed upon a scire fa- “ cías being sued out thereon, and new breaches assigned “ by the said John Gooerick, or any other person or per- “ sons injured.”